## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                             No. CR 04-0877 JB

JOSE MACLOVIO JAUREGUI-PEREZ,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Stipulated Motion of Jose Maclovio Jauregui-Perez for Downward Departure Due to Physical Condition, filed August 18, 2004 (Doc. 20).  The primary issue is whether the Court should grant the Defendant a two-level downward departure based upon his heart condition.  The Court held a hearing on this motion on August 23, 2004.  Based on the reasons stated on the record in open court and consistent with the Court's ruling at the hearing, and for the reasons stated below, the Court finds that a downward departure is not authorized under the facts of this case.  Moreover, even if the facts of this case warranted such a departure, the Court would exercise its discretion not to grant the departure.  Accordingly, the Court will deny the motion.

### APPLICABLE LAW

Section 5H1.4 of the United States Sentencing Guidelines provides that a defendant's physical condition is not ordinarily relevant in determining the appropriateness of a departure.  "[A]n extraordinary physical impairment," however, "may be a reason to depart downward."  U.S.S.G. §5H1.4, p.s.  The United States Court of Appeals for the Tenth Circuit has held that such a condition

may justify the imposition of a sentence below the guideline sentencing range, or in extreme cases, may justify an alternative to detention.  See United States v. Slater, 971 F.2d 626, 635 (10th Cir. 1992).  A district court's first inquiry is to make a factual finding whether the defendant's physical condition constitutes "an extraordinary physical impairment."  Id.  If the court finds that standard is met, it should then consider whether that condition warrants a shorter term of imprisonment or an alternative to confinement.  See id.

## ANALYSIS

The Defendant suffers from congestive heart failure.  Congestive heart failure is a disorder in which the heart loses its ability to pump blood efficiently.  Congestive heart failure is almost always a chronic, long-term condition.  Physicians diagnosed the Defendant with this condition in November 2003.  The Defendant's previous drug use could have contributed to the destruction of some of the heart's valves, making the heart work harder and contributing to the congestive heart failure.  The Defendant is taking, or has taken, a number of medications during his incarceration.

When contacted regarding the Defendant's medical condition, the Torrance County Detention Center Medical Department staff confirmed the Defendant's congestive heart failure.  The staff could not say which stage of congestive heart failure the Defendant was experiencing (i.e. stage one, two, three, or four, with four being the worst), but noted that medication was satisfactorily controlling the Defendant's condition.  The medical staff reported that no surgeries were planned for the Defendant.

The United States Probation Office contacted the Bureau of Prisons Medical Center in Fort Worth, Texas on July 15, 2004.  The medical staff indicated that they would first need to identify and treat any underlying disorders and precipitating factors the Defendant is currently experiencing.  The Defendant would receive a thorough diagnostic work-up to ascertain what stage of congestive heart

failure he is experiencing.  The staff would also stabilize the Defendant's medications and diet in a very structured environment and provide other medical procedures as needed depending on his stage of congestive heart failure.

According to the Fort Worth medical staff, some of the goals of treatment for congestive heart failure include a reduction of the heart's workload, control of excess salt and water retention (swelling and decreased urinary output), and improvement of heart function with medication and proper diet.  In advanced cases where both sides of the heart are affected, bed rest or reduced physical activity are recommended to minimize the heart's workload.  Based on the information received from the Defendant, he is most likely at stage one, two, or three.  The medical staff described stage four as a person who is immobile, and whose heart is struggling even at rest.

The Court does not believe that the Defendant's heart condition constitutes "an extraordinary physical impairment."  U.S.S.G. §5H1.4 p.s.  It does not appear that the Defendant's congestive heart failure is in the more serious stages.  While it may be true that congestive heart failure is a serious medical condition, physicians are able to control the Defendant's condition with medical supervision and medication.  Thus, his condition is not so extraordinary as to remove it from the heartland of cases.  The Court concludes that the guidelines do not authorize a downward departure based on physical condition under these circumstances.

Even if the Court were to conclude that the Defendant's condition constitutes "an extraordinary physical impairment," the question would remain whether that condition warrants a shorter term of imprisonment.  According to the Bureau of Prisons, they are able to provide the Defendant with a strictly monitored regimen to promote his health and help achieve other beneficial

effects.  The Medical Facility can provide adequate medical care without an interruption in treatment.[1]
It does not appear that a lengthier prison sentence will adversely effect the Defendant's physical
condition.  His medical care will continue uninterrupted, and he will receive the procedures that
become necessary if his condition progresses.  Thus, even if the Court found that the Defendant's
medical condition was an extraordinary impairment, it would exercise its discretion not to depart
downward under these circumstances.  This case does not fall outside of the heartland of cases that
this Court and other federal courts see.

      **IT IS ORDERED** that the motion for downward departure is denied.

_____
UNITED STATES DISTRICT JUDGE

---

[1] While the Court does not rest its decision upon this fact, it notes that, because the Defendant is facing
deportation upon completion of his sentence, it is unclear whether he will be able to continue his treatment after
his release.

*Counsel:*

David C. Iglesias
  United States Attorney
  District of New Mexico
Nelson Spear
  Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*


Deron B. Knoner
Huffaker & Conway, P.C.
Albuquerque, New Mexico

     *Attorney for the Defendant*