# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                 No. CR 04-877 JB

JOSE MACLOVIO JAUREGUI-PEREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant Jose Maclovio Jauregui-Perez' Second Motion for Downward Departure, filed September 30, 2004 (Doc. 27). The Court held a hearing on this matter on November 8, 2004. The primary issue is whether the Court should grant Jauregui-Perez a seven-level downward departure because the State of New Mexico has decided its conviction of Jauregui-Perez should run consecutive to any federal sentence. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny Jauregui-Perez' Second Motion for Downward Departure.

## FACTUAL BACKGROUND

As the Presentence Report ("PSR") and its Addenda note, Jauregui-Perez was arrested on December 3, 2003 in San Miguel County, State and District of New Mexico. At the time of his arrest, he was an alien illegally in the United States. According to the PSR, a detainer was placed on Jauregui-Perez on December 3, 2003, indicating that immigration officials were aware of his unlawful presence in the United States on that date and were also aware that he was accused of being a felon in possession of a firearm.

The United States chose not to take Jauregui-Perez into custody and chose not to charge him with illegal reentry at the time of his arrest in December, 2003. Instead, the State of New Mexico charged him with being a felon in possession of a firearm, to which Jauregui-Perez pled guilty. The state court convicted Jauregui-Perez on August 16, 2004 and sentenced Jauregui-Perez to a determinate term of imprisonment of 18 months. The state court specified that such sentence is to run consecutive to any sentence the Court imposes in this matter, even though the federal court had not yet imposed a sentence.

It does not appear that immigration officials acted on the detainer or charged Jauregui-Perez with violation of 8 U.S.C. § 1326 -- alleged reentry -- until the state court set conditions of release on April 8, 2004. The conditions of release would have allowed Jauregui-Perez to be released from custody pending resolution of his state charges. On April 15, 2004, the United States charged Juaragui-Perez with violation of 8 U.S.C. § 1326(b)(2) -- Reentry of a Deported Alien Previously Convicted of an Aggravated Felony.[1]

In the Criminal Complaint charging Jauregui-Perez with violation of 8 U.S.C. § 1326, the United States averred that Jauregui-Perez was found in the United States in violation of 8 U.S.C. § 1326 on December 3, 2003. For some reason, the date that Jauregui-Perez was found in the United States was changed to April 15, 2004 when the grand jury returned the indictment.

## **PROCEDURAL BACKGROUND**

Jauregui-Perez moves the Court to grant a downward departure of seven levels to Offense Level 14 pursuant to U.S.S.G. § 5G.1.3(c) on the basis that, without such a departure, the State of

---

[1] Juaragui-Perez was convicted of Second Degree Robbery in 1995 and subsequently deported on August 23, 2000.

New Mexico's order in case number CR-2003-215 -- that Jauregui-Perez' sentence of imprisonment of 18 months run consecutive to his sentence in this federal matter -- would result in a total sentence in excess of that which the United States Sentencing Guidelines contemplates. In the alternative, Jauregui-Perez moves the Court to grant a downward departure of seven levels to Offense Level 14 pursuant to U.S.S.G. § 4.A.1.3 on the grounds that his criminal history category significantly over-represents the seriousness of his criminal history.

## SENTENCING GUIDELINES

U.S.S.G. § 5G1.3(c) provides: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Id. at 403 (2003 Edition). Application Note 3(E) provides in pertinent part:

> Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment. However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. Nevertheless, it is intended that a departure pursuant to this application note result in a sentence that ensures a reasonable incremental punishment for the instant offense of conviction.

Id. at 406.

## ANALYSIS

Jauregui-Perez submits that this case is such an extraordinary case that it justifies a downward

departure under § 5G1.3(c) and that the absence of such a departure would result in a sentence in which the combined punishments between the federal sentence and the state sentence would be unduly increased "by the fortuity and timing of separate prosecutions and sentencings."

First, there is no evidence in the record that the United States unreasonably delayed the filing of the criminal complaint against Jauregui-Perez. A delay of three and one-half months in charging a defendant with a crime is not extreme. See United States v. Saldana, 109 F.3d 100, 102-04 (1st Cir. 1997)(holding that an indictment delay of approximately two years is "neither extreme nor implicitly sinister"); United States v. McCoy, 977 F.2d 706, 711 (1st Cir. 1992)(holding that the defendant failed to establish that indictment delay of three and one-half years violated his Fifth Amendment right to due process because he did not show that the delay caused actual prejudice). Also, some courts have indicated that, if a defendant who has been convicted of illegal re-entry wants to argue that he should receive a downward departure at sentencing based on prosecutorial delay which resulted in a missed opportunity for a concurrent sentence, then the defendant must first prove that the United States' delay was sinister and improperly motivated. See United States v. Los Santos, 283 F.3d 422, 428 (2d Cir. 2002); U.S. v. Acevedo, 229 F.3d 350, 356-57 (2d Cir. 2000)("'[O]rdinary accidents of acceleration or delay' are simply part of the criminal process, in contrast to 'extreme' or 'sinister' delays concocted to increase a sentence.")(quoting United States v. Saldana, 109 F.3d at 104); United States v. Rizzo, 121 F.3d 794, 800 (1st Cir. 1997). Jauregui-Perez does not argue that there was any prosecutorial misconduct, or any improper motivation, for the delay in charging him under 8 U.S.C. § 1326.

Second, even if the United States had initiated prosecution of Jauregui-Perez sooner, it is not clear whether the Sentencing Guideline Committee intended § 5G1.3 to be a policy statement or

whether § 5G1.3 authorizes downward departure in this situation. The application note to § 5G1.3(c) discusses "partially relevant conduct" in its example of when downward departure may be warranted pursuant to that subsection. It is not clear, therefore, whether § 5G1.3(c) would warrant downward departure for Jauregui-Perez' state court conviction for felon in possession of a firearm in this federal sentencing for illegal reentry of a deported alien previously convicted of an aggravated felony.

In any case, even if § 5G1.3(c) authorizes downward departure in this case, the Court chooses not to depart from the sentencing guideline range. The state crime for which Jauregui-Perez was convicted is unrelated to the federal crime for which he is now being sentenced. Moreover, this situation is not such an extraordinary case that it warrants downward departure.

As to Jauregui-Perez' alternative argument, Juaragui-Perez' criminal history is not over-represented. The Sentencing Guidelines take into account the defendant's criminal history. Jauregui-Perez' criminal history is more serious than the example provided in the commentary note. His criminal history consists of five prior convictions, including two felonies. At the hearing, Jauregui conceded that the state conviction on August 16, 2004 can be lawfully and purposefully used as part of his criminal history.

In summary, even if downward departure is authorized and warranted, the Court, in its exercise of discretion, chooses not to depart from the range provided for under the Sentencing Guidelines. Jauregui-Perez has not demonstrated to the Court why this case falls outside the heartland of cases that the Commission took into account when it set up the range before the Court.

**IT IS ORDERED** that the Second Motion of Jose Maclovio Jauregui-Perez for Downward Departure is denied.

                                                                              _____
                                                                              UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
Nelson Spear
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the United States*

Deron B. Knoner
Huffaker & Conway, P.C.
Albuquerque, New Mexico

        *Attorney for the Defendant*